360 So.2d 393 (1978)
STATE of Florida, Appellant,
v.
Samuel KRAHAM, Appellee.
No. 52697.
Supreme Court of Florida.
May 31, 1978.
Rehearing Denied July 31, 1978.
*394 Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, Florida, for appellant.
Allan L. Hoffman, West Palm Beach, for appellee.
HATCHETT, Justice.
We must determine whether Section 847.011, Florida Statutes (1975) which makes unlawful the sale of obscene material is so inconsistent with the right to privately possess obscene material, as expressed in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) as to render the statute unconstitutional. We have jurisdiction under Article V, Section 3(b)(1), Florida Constitution. We hold the statute to be constitutional.
The appellee, Samuel Kraham, was charged by information with two counts of selling obscene motion pictures in violation of Section 847.011, Florida Statutes (1975). After entering a plea of not guilty, he moved to dismiss the information. After several hearings the trial court granted the appellee's motion citing Stanley v. Georgia, supra, and stating:
A regulation that criminally punishes one for providing that citizen with material he has a Constitutional right to possess is illogical and arbitrary [see dicta by Mr. Justice Stevens (United Jewish Organizations, Inc. v. Carey, 430 U.S. 144, 97 S.Ct. 996, 51 L.Ed.2d 229) at page 996 of 97 S.Ct. (1977)]. The Legislature could enact laws specific enough to accomplish the regulation it has a right to impose. The present law is overbroad for that purpose. Evenhanded enforcement of F.S. 847.011 is not possible and therefore is contrary to the Constitution; . ."
At about the time the trial judge entered his order, this court filed its opinion in Johnson v. State, 351 So.2d 10 (Fla. 1977), holding the statute to be constitutional. Since our consideration on the overbreadth issue of this statute is so recent, we see no reason to again set forth our reasons for upholding its constitutionality.
Accordingly, the order of the trial court is reversed and the case remanded.
It is so ordered.
OVERTON, C.J., and BOYD and ENGLAND, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
The order of the trial court granting the Motion to Dismiss contains the following:
"Like it or not, mere private possession of obscene material is not a crime [Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969)]. The State has legitimate and broad power to regulate the public dissemination of obscene materials [Roth v. U.S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957)].
All powers of regulation are to some extent prohibitory in the sense that acts may be precluded from performance except when done in compliance with standards assuring the preservation of public health, safety, or welfare.
It then follows that a regulation may only be imposed upon a free people if it is not arbitrary and is founded upon, directly related to, and necessary for preserving the public health, safety, or welfare. Regulations to assure that obscene materials do not fall into the hands of impressionable youngsters not mature enough to form proper judgments or persons mentally deficient to the extent they are incapable of controlling their actions, all can be justified against a charge of arbitrariness. Regulations which prevent forcing persons who desire not to view obscene materials from viewing them can also be so justified. The free, stable, mature citizen who does desire to view obscene material has that right under the Stanley v. Georgia decision cited above. A regulation that criminally punishes one for providing that citizen with material he has a Constitutional right to possess is illogical and arbitrary [see dicta by Mr. Justice Stevens at page 996 of 97 S.Ct. (1977)]. The Legislature could enact laws *395 specific enough to accomplish the regulation it has a right to impose. The present law is overbroad for that purpose. Evenhanded enforcement of F.S. 847.011 is not possible and therefore is contrary to the Constitution."
At present, the controlling case for the definition of obscenity is Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1972), this was a 5 to 4 decision that overruled or clarified Roth v. U.S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). From Roth in 1957 until Miller in 1972, the majority of the court could not agree on a standard to determine what constitutes obscene material subject to regulation under the state's police power.
Miller set forth a few plain examples of what the state's statute could define for regulation. The guidelines are (a) whether the average person, applying contemporary community standards would find that the work taken as a whole, appeals to the prurient interest, (b), whether the work depicts or describes in a patently offensive way, sexual conduct specifically defined by the applicable state law; (c) whether the work taken as a whole, lacks serious literary, artistic, political or scientific value.
It is interesting to note that in Miller 4 members of the court felt that it would be impossible to draft a statute that would not be void for vagueness and violate due process and equal protection.
The record in this case indicates that the person purchasing the material was a police officer; there is no allegation that he was offended by the material; and there is no allegation regarding which section of Florida Statute 847.011 has been violated.
There are three reasons which persuade me that this criminal prosecution is constitutionally impermissible:
(1) This statute regulates expression and implicates first amendment values. However distasteful these materials are to some, they are nonetheless a form of communication and entertainment acceptable to a substantial segment of societies; otherwise they would have no value in the market place;
(2) The statute is predicated on the somewhat illogical premise that a person may be prosecuted criminally for providing another with materials he has a constitutional right to possess;
(3) The present constitutional standards both substantive and procedural which apply to these prosecutions are so intolerably vague that evenhanded enforcement of the law is a virtual impossibility.
It is interesting to note that the community standards' test as set forth by the Supreme Court had been declared void for vagueness in Connally v. General Const. Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed.2d 322 (1926), in a case involving application of the minimum wage law, where the minimum wage was to be set by contemporary community standards. The court stated that men of common intelligence must necessarily guess at its' meaning or differ as to its' application and that the statute violated the first essential of due process of law because it lacked any ascertainable standard of guilt.
The Constitution protects the right to receive information and ideas regardless of their social worth. Where material is being distributed to a willing adult and is not designed or intended for minors or obtrusively forced upon unwilling recipients, there is no substantial governmental interest which would justify shutting off all avenues for the willing adult to obtain the material the constitutional states he has a right to possess. The state's power to proscribe obscenity as constitutionally unprotected, could not be exercised in this case where the book was sold to a consenting adult and was not thrusted upon the general public. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542.
I would affirm the trial court.