ORFINGER, Judge.
We have consolidated for disposition three separate petitions for writ of prohibition, all involving the same parties. Each *8 involves an attempt by petitioner to disqualify the same trial judge in separate criminal proceedings pending in Brevard County.
Petitioner was charged with four separate criminal offenses. One has been disposed of in his favor, and warrants no further discussion. Two of the cases[1] were initially assigned to respondent as the trial judge. The third case[2] was initially assigned to Judge Conkling, who subsequently entered an order disqualifying himself after a motion was filed by petitioner alleging prejudice. By virtue of the random assignment process of the clerk’s office, No. 80-1819-CF was then assigned to respondent.
In the cases where respondent was the initially assigned judge, petitioner filed a motion to disqualify him, alleging respondent’s prejudice against him and alleging that petitioner could not receive a fair trial. Affidavits were attached which recited a series of events purporting to show respondent’s prejudice. Respondent declined to disqualify himself in those cases, ruling that he was not prejudiced.
Florida Rule of Criminal Procedure 3.230(d) says:
The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified. (emphasis added).
This subdivision of the rule addresses itself only to the judge initially assigned to a case. If the motion and affidavits are le-gaily sufficient, the presiding judge shall enter an order disqualifying himself without passing on the truth of the facts alleged and without adjudicating the question of disqualification. This section of the rule limits the trial judge to a “bare determination of legal sufficiency” of the motion. Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
In cases 80-2235-CF and 81-201-CF, where respondent was the initially assigned judge, the motions and affidavits were legally sufficient, so the judge was required by the rule to disqualify himself without regard to the truth of the allegations. Once the basis for disqualification has been established, prohibition is the appropriate remedy, Bundy, supra; Brown v. Rowe, 96 Fla. 289, 118 So. 9 (1929), but we assume that the formal issuance of the writ will be unnecessary.
Case No. 80-1819-CF, however, presents a different problem. There, Judge Conkling was the first assigned judge and respondent was assigned as the substitute judge after Judge Conkling entered the order of disqualification. When the motion to disqualify is addressed to the substitute judge, Florida Rule of Criminal Procedure 3.230(e) controls, and says:
... the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance ... unless the judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause.
The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
*9 As successor judge, and as provided by subdivision (e) of the rule, respondent entered an order in which he did “hold, rule and adjudge that he does stand fair and impartial between the State of Florida, Clarence Albert Zacke and their respective interests ...” Under these circumstances, while “the ruling of [the trial] judge may be reviewed'by the appellate court as are other rulings of the trial court”,[3] the entry of a writ of prohibition is not appropriate here.
Petitioner contends that it would be anomalous to permit respondent to preside in the third case if he is disqualified in the first two cases, but this argument does not withstand close scrutiny when we examine the reason for our ruling in the first two cases. Under subdivision (d) of the rule, the truth of the allegations of the motion and affidavit is not inquired into. No determination is made that the judge is in fact prejudiced and partial; rather, the motions and affidavits are taken at face value. This cannot be construed as any indication that the judge is prejudiced in fact Where the judge is a substitute or successor judge under subdivision (e) of the rule, and a motion for disqualification is filed, the judge then is required to hold either that he is not fair and impartial between the parties, or that the contrary is true, and if the judge holds and adjudges that he does stand fair and impartial between the parties “he ... shall proceed to preside as judge of the pending cause.” The rulings are thus not anomalous.
The petition for writ of prohibition in Case No. 80-1819-CF is denied.
Ordered accordingly.
DAUKSCH, C. J., and COWART, J., concur.

. Nos. 80-2235-CF and 81-201-CF each charged petitioner with solicitation to murder a state witness in another case then pending against petitioner.

. No 80-1819-CF, also charging petitioner with solicitation to murder a state witness.

. This ruling is not one of the non-final orders reviewable under Florida Rule of Appellate Procedure 9.130.