PER CURIAM.
A.T.S. Melbourne, Inc. sought a writ of prohibition from this court to require the disqualification of a trial judge from further participation in a lawsuit pending in the Eighteenth Judicial Circuit.[1] We find that the motion for disqualification, attached affidavits, and the excerpt from sworn testimony taken before the lower court at a hearing on the motion on May 17, 1985, were legally sufficient to require recusal of the trial judge in this case.
At the hearing, the trial judge denied the facts of an alleged ex parte communication, and his own ability to be impartial, although that matter was also disputed by petitioner. “When a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry, and on that basis alone established grounds for his disqualification.” Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985); Mangina v. Cornelius, 462 So.2d 602 (Fla. 5th DCA 1985); State ex rel. Zacke v. Woodson, 399 So.2d 7 (Fla. 5th DCA 1981); see R.P. Hewitt Associates v. Hunt, 411 So.2d 266 (Fla. 1st DCA 1982); State v. Testa, 414 So.2d 38 (Fla. 3rd DCA 1982).
Accordingly, we grant the writ of prohibition and remand this cause for further proceedings.
ISSUE WRIT; REMAND.
DAUKSCH, FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.

. Case No. 85-1989-CA-D.