**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gene Edward HAMPTON,
Defendant-Appellant.**

**No. 84–2704.**

United States Court of Appeals,
Tenth Circuit.

March 11, 1986.

---

Richard W. Anderson of Freeman, Buxton & Anderson (Jack L. Freeman, with him on brief), Edmond, Okl., for defendant-appellant.

Paul G. Hess, Asst. U.S. Atty. (Roger Hilfiger, U.S. Atty., with him on brief), Muskogee, Okl., for plaintiff-appellee.

Before McKAY, SETH and LOGAN, Circuit Judges.

SETH, Circuit Judge.

Appellant, Gene Edward Hampton, was convicted on nine counts of a ten count indictment by a jury in the Eastern District of Oklahoma. The indictment included counts of: conspiracy and racketeering activities affecting interstate commerce in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (counts 1 and 2); con-spiracy to and obstructing, delaying and affecting interstate commerce by means of extortion under color of official right as Sheriff of Bryan County, Oklahoma in violation of the Hobbs Act, 18 U.S.C. § 1951 (counts 3–8); and use of intimidation and physical force with intent to influence the testimony of witnesses in an official proceeding in violation of 18 U.S.C. § 1512 (counts 9–10).

In essence, the indictment alleged that the appellant, Gene Hampton, was using his position as Sheriff of Bryan County to extort payoffs from club operators and others in return for selective enforcement of liquor, gambling and other laws. There was evidence of appellant using a "bagman" to collect payoffs and a number of club owners also testified to making "donations" to a "Narcotic Fund." These payments purportedly ensured nonharassment, staying open beyond the 2:00 a.m. closing time and in at least one instance allowing the safe operation of a dice game. There was evidence that Sheriff Hampton directed a deputy to terminate an investigation into gambling in Durant conducted for the district attorney, and also that the Sheriff warned an ongoing dice game of an impending raid by authorities.

On appeal the former Sheriff Hampton raises several issues for review. He contends that the trial court erred in denying his motion for judgment of acquittal or new trial on the RICO conspiracy count based on insufficiency of evidence. Specifically, the appellant asserts that the failure of the government to prove his alleged co-conspirator, Roy Harris, committed two of the necessary predicate offenses means Roy Harris could not have been a member of a RICO conspiracy and the appellant therefore could not have conspired with him.

The object of a RICO conspiracy must be to violate a substantive RICO provision. *United States v. Elliott,* 571 F.2d 880, 903 (5th Cir.). In this instance the substantive RICO offense was conducting or participating in the operation of the Bryan County Sheriff's Office through a pattern of racke-

teering activity. A RICO conspiracy requires more than merely a conspiracy to commit the predicate crimes necessary to establish the pattern. In order for appellant to be found guilty of the RICO conspiracy charge, he and Roy Harris must have agreed to participate in a *pattern* of racketeering through the operation of the Sheriff's Office.

We have often recognized that the secretive nature of a criminal conspiracy means that direct proof is seldom available and the required unlawful agreement may be inferred from circumstantial evidence. *United States v. Zang*, 703 F.2d 1186, 1191 (10th Cir.); *Jordan v. United States*, 370 F.2d 126, 128 (10th Cir.). On appeal, this court must view the evidence and inferences drawn by the jury in the light most favorable to the government. *United States v. Dickey*, 736 F.2d 571, 581 (10th Cir.).

■ There was evidence of the appellant and Roy Harris' cooperation in the extortion scheme through Roy Harris' acting as a "bagman" for payoffs to the Sheriff, his involvement in gambling operations which appellant allowed to operate, and appellant's termination of an ongoing investigation into gambling operations which Roy Harris was conducting. We are more than satisfied that a reasonable jury could infer that appellant and Roy Harris intended to take advantage of the Bryan County Sheriff's Office through a pattern of extortion and other racketeering activity.

■ Appellant next contends that the Fifth Amendment's double jeopardy provision prohibits his conviction and the consecutive sentences for both violation of the substantive RICO charge and the Hobbs Act racketeering charges which served as the predicate offenses for the RICO conviction. Thus that the Hobbs Act charges require the same proof as the substantive RICO charge. Appellant's contention is that the Supreme Court prohibited double punishment of this nature in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. We must disagree.

The double jeopardy clause of the Fifth Amendment protects against a second prosecution for the same offense after an initial acquittal; it denies a second prosecution for the same offense after a conviction; and it protects against multiple punishments for a single offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656.

In the much discussed *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the Court considered several sales of morphine to the same person at about the same time. There were two counts for one sale—one count for sale not from the original stamped package under the then section 1 of the "Narcotics Act" and another count based on the same transaction but charging a sale not pursuant to a written order (section 2). The Court found two offenses permitting two separate punishments, and stated the frequently quoted test:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

284 U.S. at 304, 52 S.Ct. at 182. The Court much later in *Whalen v. United States*, 445 U.S. 684, 693, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715, in referring to *Blockburger*, said: "And where the offenses are the same under that test, cumulative sentences are not permitted, unless elsewhere specially authorized by Congress."

Other Supreme Court holdings addressing this issue have demonstrated that *Blockburger* is not a constitutional "litmus test" but rather a tool of statutory construction to determine whether Congress intended to allow two statutory offenses to be punished cumulatively. *Whalen v. United States*, 445 U.S. 684, 692, 100 S.Ct. 1432, 1438, 63 L.Ed.2d 715. As stated in *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, the double jeopardy guarantee serves principally as a restraint on courts and prosecutors while the

legislature remains free to fix punishments. And, although the Court conceded in *Missouri v. Hunter,* 459 U.S. 359, 365, 103 S.Ct. 673, 677, 74 L.Ed.2d 535, that the double jeopardy clause may not be totally inapplicable to the legislative branch, the Court in *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275, said, at least in the context of multiple punishments in a single proceeding, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." The Court went on to say: "The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." 450 U.S. at 340, 101 S.Ct. at 1142.

An examination of the statutory framework and legislative history of RICO demonstrates that Congress did clearly articulate an intent to permit cumulative punishment for substantive RICO violations and the underlying predicate acts. *See also United States v. Hartley,* 678 F.2d 961 (11th Cir.); *United States v. Hawkins,* 658 F.2d 279 (5th Cir.); *United States v. Rone,* 598 F.2d 564 (9th Cir.).

█ Congress was particularly clear in stating its intentions in enacting the RICO provisions:

"It is the purpose of this Act to seek the eradication of organized crime in the United States by strengthening the legal tools in the evidence-gathering process, by establishing *new* penal prohibitions, and by providing *enhanced sanctions* and new remedies to deal with the unlawful activities of those engaged in organized crime."

Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 923 (1970) (emphasis added). As the Ninth Circuit commented in *United States v. Rone,* 598 F.2d 564, 571 (9th Cir.), "[t]here is nothing in the RICO statutory scheme which would suggest that Congress intended to preclude separate convictions or consecutive sentences for a RICO offense and the underlying or predicate crimes which make up the racketeering pattern." Indeed, Congress specifically stated that "[n]othing in this title shall supersede any provision of Federal, State, or other law imposing criminal penalties or affording civil remedies in addition to those provided for in this title." Pub.L. 91–452 § 904(b). Further support is found in the statutory definition of a "pattern of racketeering" activity which

"requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (*excluding any period of imprisonment*) after the commission of a prior act of racketeering activity."

Pub.L. 91–452 § 901(a) (emphasis added). Although we do not imply as other courts have that a conviction on the predicate acts is *necessary* for a substantive RICO conviction, *United States v. Brown,* 583 F.2d 659 (3d Cir.), we do read the above provision to indicate that Congress envisioned that a RICO conviction and sentence could be based upon a predicate crime for which the defendant has already been punished.

The above cited evidence of Congress' intent to authorize cumulative punishments for substantive RICO violations and the predicate offenses requires us to conclude the district court properly imposed consecutive sentences upon appellant.

█ Lastly, we consider appellant's contention that count 1 of the indictment charging him with conspiring to violate the substantive RICO provisions was in fact a charge of multiple conspiracies rather than a single conspiracy. Appellant argues, correctly, that this would contradict the Supreme Court's holding in *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. However, the indictment in this case does not contain allegations of multiple offenses in a single count.

Appellant argues that there were separate conspiracies with the only common element being his alleged participation

which he further contends is too tenuous a connection to support their combination in a single count. We disagree. The common denominator between the "kickbacks", dice games and other schemes goes further than appellant's alleged participation. More significantly, they all involve the participation of appellant as Sheriff of Bryan County and the corruption of that office.

We have considered appellant's other contentions on this appeal and find them to be without merit.

AFFIRMED.