531 So.2d 364 (1988)
Michael P. HAGGERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-975.
District Court of Appeal of Florida, First District.
September 8, 1988.
Rehearing Denied October 17, 1988.
*365 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions and sentences on 29 counts, including racketeering, manufacturing, transporting and selling oscene materials, lewd and lascivious assaults, and sexual activity with children. We affirm in part and reverse in part.
In his first point, appellant challenges the denial of his motion at the sentencing hearing for recusal of the trial judge, pursuant to Florida Rule of Criminal Procedure 3.230. The trial judge correctly ruled that the motion was legally insufficient. However, unfortunately he then added his own explanation of events and denied the allegations of the motion, thereby passing "on the truth of the facts alleged" in the motion, in violation of Rule 3.230(d). Consequently, at that point, the judge "exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification" by creating "an intolerable adversary atmosphere" between himself and appellant. Bundy v. Rudd, 366 So.2d 440 (Fla. 1978). See also Diqeronimo v. Reasbeck, 528 So.2d 556 (Fla. 4th DCA 1988); Ryon v. Reasbeck, 525 So.2d 1024 (Fla. 4th DCA 1988); and A.T.S. Melbourne, Inc. v. Jackson, 473 So.2d 280 (Fla. 5th DCA 1985). Therefore, we must reverse the denial of the motion for recusal and remand for resentencing by a different judge. We decline to address appellant's challenge in Point II to the trial judge's departure from the guidelines, as that issue is now moot, in light of our ruling on Point I.
In Point III, appellant asserts that his double jeopardy rights have been violated as he was convicted of a RICO offense in addition to 23 misdemeanor offenses, which were listed as predicates for the RICO offense. However, we adopt the view in U.S. v. Hampton, 786 F.2d 977 (10th Cir.1986), where the court relied upon the following language in U.S. v. Rone, 598 F.2d 564 (9th Cir.1979):
[T]here is nothing in the RICO statutory scheme which would suggest that Congress intended to preclude separate convictions or consecutive sentences for a RICO offense and the underlying or predicate crimes which make up the racketeering pattern.
Section 847.001(7) constitutes the codification in Florida of the definition of the term "obscene."[1] In Points IV and V, appellant asserts that the statute is unconstitutional because it is vague and it fails to set forth the proper standards for its application  "contemporary community standards" as to parts (a) and (b) and the reasonable man standard for part (c). We find no merit to either position. The statute defines "obscene" exactly as it was defined in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). We decline to find the highest court's definition vague.
On the question of which standards to apply, in Smith v. United States, 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), the court construed the Miller definition to mean that the "contemporary community standards" test would be applied to parts (a) and (b) of the definition of "obscene." In that case, the court stressed that juries must be instructed properly to consider the entire community and to apply the community standards theory to parts (a) and (b). In Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), the court addressed the question of whether part (c) should be subject to the "contemporary *366 community standards" test and concluded that it should not, finding that instead the reasonable man test should be applied to part (c).
Relying on the argument that section 847.001(7) fails to conform to the requirements of Miller and Pope, appellant asserts the statute's unconstitutionality. However, we find that unlike the situation in Pope, in the instant case, the jury was specifically instructed by the judge to apply the community standards test when evaluating parts (a) and (b) and to apply the reasonable person test when evaluating part (c). In light of the wording of the statute in question and the above authorities, when read with an understanding of the current prevailing case law, the challenged statute withstands appellant's constitutional challenge, and was constitutionally applied in this case by the proper instructions to the jury as to the appropriate tests to be used. Therefore, appellant's convictions are affirmed but his sentence is reversed and this case is remanded for resentencing by a different judge.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] 847.001(7), Florida Statutes provides:

(7) "Obscene" means the status of material which:
(a) The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;
(b) Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and
(c) Taken as a whole, lacks serious literary, artistic, political, or scientific value.