544 So.2d 219 (1989)
STATE of Florida, Appellant,
v.
Todd Edward LONG, Phyllis Ann Maxwell, Cathy Irene Armstrong, Edward Dee Armstrong, John E. Shea, Tommie Lynn Stall, and CMH Enterprises, Inc., d/b/a Varsity Theatre, Appellees.
No. 88-00246.
District Court of Appeal of Florida, Second District.
March 31, 1989.
Rehearing Denied June 3, 1989.
*220 Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellee, Tommie Lynn Stall.
John H. Weston, Clyde F. DeWitt, and Cathy E. Crosson of Brown, Weston & Sarno, Beverly Hills, Cal., and Bruce Randall, Fort Lauderdale, and John C. Wilkins, III, Bartow, for appellees, Todd Edward Long, Phyllis Ann Maxwell, Cathy Irene Armstrong, Edward Dee Armstrong, John E. Shea, and CMH Enterprises, Inc., d/b/a Varsity Theatre.
SCHOONOVER, Judge.
The State of Florida appeals an order dismissing an amended information filed against the appellees, Todd Edward Long, Phyllis Ann Maxwell, Cathy Irene Armstrong, Edward Dee Armstrong, John E. Shea, Tommie Lynn Stall, and CMH Enterprises, Inc., doing business as the Varsity Theatre. We find that the trial court erred in dismissing the information and, accordingly, reverse.
The instant controversy arose out of certain activities allegedly conducted at the Varsity Theatre in Polk County, Florida between September 12, 1985, and March 7, 1987. Count I of the forty-seven count information charged each of the appellees with violating the Florida RICO (Racketeer Influenced and Corrupt Organization) Act,[1] based upon forty-eight underlying alleged violations of section 847.011, Florida Statutes (1985 and Supp. 1986). The alleged underlying violations of count I involved the showing, sale, distribution, and rental of obscene movies, tapes, magazines, periodicals or pamphlets, as well as articles or instruments for obscene purposes, or the knowing possession of such materials with the intent to do so. As for the remaining forty-six counts of the information, each of the appellees was charged with one or more counts of violating section 847.011, Florida Statutes (Supp. 1986).
The appellees filed several pretrial motions, including motions to dismiss the information and a motion requesting the trial court to make a pretrial determination of the reasonable man standard applicable to obscenity prosecutions. After a hearing on these motions, the trial court entered an order which, among other things, dismissed the entire information. The trial court declared section 847.011 unconstitutional under both the United States and Florida constitutions based upon its conclusions that the statute violates the due process clause of the United States Constitution because of vagueness, fails to conform to the standards enunciated by the United States Supreme Court in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and Pope v. Illinois, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), and violates the privacy provision of the Florida Constitution. In addition, the trial court found that the Florida RICO Act, when interpreted in conjunction with the prohibitions of section 847.011 relating to obscene material, has an unconstitutional "chilling effect" upon protected speech. Finally, although unnecessary to the dismissal, the trial court set forth the reasonable man standard which would be applied in the event that the case proceeded to trial. The state filed this timely appeal.
We agree with the state's contentions that the trial court erred in (1) declaring section 847.011 unconstitutional under the United States and Florida constitutions, (2) finding that the combined provisions of the Florida RICO Act and section 847.011 have an unconstitutional chilling effect upon protected speech, and (3) defining the reasonable man standard applicable to offenses involving obscene materials.

CONSTITUTIONALITY OF SECTION 847.011
The trial court's finding that section 847.011 violates the due process clause of the United States Constitution because of vagueness was based upon its analysis of the statutory definition of obscene material. *221 All of the offenses charged in the information were based upon alleged acts which, if proven, would constitute violations of either the 1985 version or the 1986 amended version of section 847.011(1)(a). Section 847.011(11), Florida Statutes (1985), provided:
For the purposes of this section, the test of whether or not material is obscene is: Whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.
In 1986, the Florida Legislature amended chapter 847 and replaced the foregoing definition with the following definition:
When used in this chapter:
... .
(7) "Obscene" means the status of material which:
(a) The average person, applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;
(b) Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and
(c) Taken as a whole, lacks serious literary, artistic, political, or scientific value.
See Ch. 86-238, Laws of Fla.; § 847.001, Fla. Stat. (Supp. 1986). Contrary to the trial court's conclusion that section 847.011 violates due process because the statutory definition of obscene material is vague, both of the above quoted definitions have withstood void for vagueness challenges. See Rhodes v. State, 283 So.2d 351 (Fla. 1973); Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988). Following Rhodes and Haggerty, we hold that section 847.011 is not unconstitutional due to vagueness.
We also disagree with the trial court's finding that section 847.011 is unconstitutional for failure to comply with the standards enunciated by the United States Supreme Court in Miller and Pope. The doctrine of "authoritative construction" requires a different determination. See Rhodes. The trial court's erroneous conclusion was based, at least in part, on an analysis of the definition of obscene material contained in section 847.07(2), Florida Statutes (1985). That definition, however, is not applicable to offenses charged under section 847.011 and, therefore, is not relevant to the facts or legal issues involved in this case. See § 847.011(11), Fla. Stat. (1985); § 847.001(7), Fla. Stat. (Supp. 1986).
We also find that the trial court improperly concluded that section 847.011 violates the right to privacy afforded under article I, section 23 of the Florida Constitution. Article I, section 23 provides:
Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
The appellees essentially argue that section 847.011 violates the Florida Constitution because the statute prevents their customers from acquiring obscene materials which, under Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), they are entitled to possess in the privacy of their homes.
Before addressing the merits of the appellees' argument, we must first address the state's contention that the appellees do not have standing to assert the privacy rights of their customers. We recognize that constitutional rights are personal in nature and generally may not be asserted vicariously. See Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979). This restriction, however, is subject to limited exceptions when first amendment rights are involved and where individuals who are not parties to an action stand to lose by its outcome but have no effective avenue to preserve their rights. Broadrick. See also, Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). The concept of vicarious standing has been applied specifically in the right of privacy area to permit a party to assert the constitutional rights of another. See Eisenstadt; *222 Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The Florida courts have recognized this exception to the general rules of standing where enforcement of a challenged restriction would adversely affect the rights of individuals who are not parties to the lawsuit but have no effective avenue of preserving their rights themselves. See State v. Saiez, 489 So.2d 1125, 1127 n. 2 (Fla. 1986); Higdon v. Metropolitan Dade County, 446 So.2d 203, 207 (Fla.3d DCA 1984). Since section 847.011(1)(a) prohibits distribution of obscene materials, the customers whose privacy rights could possibly be violated by the statute are not subject to prosecution and, consequently, they have no effective avenue of preserving their rights. See Eisenstadt. In addition, enforcement of the statute will "materially impair" the ability of the appellees' customers to obtain the materials which the appellees are prohibited from distributing under section 847.011(1)(a). See Eisenstadt; Griswold. We, therefore, find that the appellees have standing to assert a right of privacy claim on behalf of their customers in this case.
Having determined that the appellees have standing, we proceed to the merits of the trial court's ruling that section 847.011 is unconstitutional because it violates the right of privacy provision of the Florida Constitution. Under the United States Constitution, a person has the right to possess obscene materials in the privacy of his own home. Stanley. However, this right does not extend to movie theatres exhibiting obscene material only to consenting adults, Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); to private shipment of obscene materials by common carrier, United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); or to acquire, sell, or import obscene material even if solely intended for private personal use, United States v. 12 200-Foot Reels of Super 8 mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973). See also, United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971) (Stanley does not confer right to sell and deliver obscene material). Before the right to privacy provision was added to the Florida Constitution in 1980, our supreme court held that the statute making the sale of obscene materials unlawful was not so inconsistent with the right to privately possess such material as to render that statute unconstitutional. State v. Kraham, 360 So.2d 393 (Fla. 1978), appeal dismissed, 440 U.S. 941, 99 S.Ct. 1415, 59 L.Ed.2d 630 (1979).
In this case, the appellees convinced the trial court that the right to privately possess obscene materials articulated in Stanley has been extended by the privacy provision of the Florida Constitution so as to permit consenting adults to purchase or otherwise acquire obscene materials. The trial court ruled that since the right to privacy under the Florida Constitution is broader than that under the United States Constitution, it protects a citizen's right to acquire obscene materials. We do not agree with the trial court's ruling and, accordingly, hold that the protection afforded by the Florida right to privacy provision does not shield the appellees from criminal prosecution under the obscenity statute at issue.
The state asserts that widespread dissemination of obscene materials is not in the public interest and that, therefore, the state has a compelling interest in stopping its distribution. We agree that Florida's right of privacy does not confer complete immunity from governmental regulation and will yield to compelling governmental interests. Winfield v. Div. of Pari-Mutuel Wagering, 477 So.2d 544 (Fla. 1985); Florida Bd. of Bar Examiners Re: Applicant, 443 So.2d 71 (Fla. 1983). We, however, need not decide whether the state established, or even whether the trial court gave the state an adequate opportunity to establish, a compelling state interest. Although a compelling state interest is the appropriate standard for assessing a claim of an unconstitutional intrusion of one's right of privacy, before this right attaches and the standard can be applied, a reasonable expectation of privacy must exist. Winfield. We find that the appellees' customers do not have a reasonable expectation of privacy while acquiring obscene materials *223 at a public commercial establishment such as the Varsity Theatre. See Paris. See generally, Commonwealth v. Stock, 346 Pa.Super. 60, 499 A.2d 308 (1985); 31 West 21st St. Assocs. v. Evening of the Unusual, Inc., 125 Misc.2d 661, 480 N.Y.S.2d 816 (N.Y. City Civ.Ct. 1984); State v. Lunati, 665 S.W.2d 739 (Tenn. Crim. App. 1983), cert. denied, 446 U.S. 938, 104 S.Ct. 1913, 80 L.Ed.2d 461 (1984). Since section 847.011 does not infringe upon the privacy rights of the appellees' customers, the compelling state interest standard is not applicable to the facts of this case. But see, State v. Kam, 748 P.2d 372 (Haw. 1988) (court held obscenity statute violated privacy provision in state constitution and that state could not show compelling interest in preventing sale of obscene material which citizenry had right to possess in privacy of home).
It is clear that Florida's right to privacy is broader than the federal right. Winfield. However, it is not so broad that a person can take it with him to the store in order to purchase obscene material  even though he has the right to possess such material in the privacy of his home. While our supreme court has not considered the validity of section 847.011 under the privacy provision of the Florida Constitution, the court relied upon Kraham to uphold the constitutionality of this statute subsequent to the adoption of article I, section 23. See Sardiello v. State, 394 So.2d 1016 (Fla. 1981) (upholding section 847.011, Florida Statutes (1977)). In addition, we are unaware of any indication that the drafters of article I, section 23 were concerned with broadening the right to privacy as it relates to obscene materials or that the validity of section 847.011 is in any way affected by the privacy provision. See, e.g., Winfield; Rasmussen v. South Florida Blood Serv., Inc., 500 So.2d 533 (Fla. 1987); Florida Bd. of Bar Examiners; Shaktman v. State, 529 So.2d 711 (Fla. 3d DCA 1988). See generally, Cope, To Be Let Alone: Florida's Proposed Right of Privacy, 6 Fla.St. U.L.Rev. 671, 721-740 (1978) (commission's proposals on scope of privacy provision). We, therefore, conclude that the trial court erred in finding that section 847.011 interferes with the right of privacy afforded by the Florida Constitution.

CHILLING EFFECT OF RICO ACT
We disagree with the trial court's finding that the combined provisions of the Florida RICO Act and section 847.011 have an unconstitutional "chilling effect" on protected speech.[2] In Bowden v. State, 402 So.2d 1173 (Fla. 1981), our supreme court rejected a similar challenge regarding an obscenity prosecution under the Florida RICO Act. Although the trial court found that an obscenity prosecution under the RICO Act would not violate constitutional prohibitions against cruel and unusual punishment, it determined that in view of the severe maximum sentences for a RICO conviction, the vagueness and low level of criminal intent of an obscenity offense would improperly "chill and dissuade any person from distributing or exhibiting any and all sexually oriented or sexually explicit materials, including those that are constitutionally protected."
Contrary to the trial court's conclusion, and as previously mentioned herein, the definitions of obscene material contained in the 1985 version of section 847.011(11) and the 1986 version of section 847.001(7) have both withstood challenges on vagueness grounds. Rhodes; Haggerty. Additionally, both the United States Supreme Court and Florida Supreme Court have held that an acceptable level of scienter exists where the statute prohibiting acts involving obscene materials requires knowledge of the nature or content of the materials alleged to be obscene. Hamling v. United States, *224 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Mishkin v. New York, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966); Johnson v. State, 351 So.2d 10 (Fla. 1977). The scienter element of the statute at issue meets this criteria. See § 847.011(6), Fla. Stat. (1985 and Supp. 1986).
Although the possibility of stiff penalties from a RICO obscenity prosecution might cause cautious booksellers to remove protected material from their shelves, the mere assertion of possible self-censorship resulting from a statute is not enough to render an antiobscenity law unconstitutional. Fort Wayne Books, Inc. v. Indiana, ___ U.S. ___, 109 S.Ct. 916, 103 L.Ed.2d 34 (1989). Any form of a criminal obscenity statute will induce some tendency toward self-censorship and have some effect on the dissemination of nonobscene materials. Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). We hold that the level of self-censorship, if any, which may be caused by the combined provisions of the Florida RICO Act and the criminal laws involving obscene material, does not render an obscenity prosecution under the Florida RICO Act unconstitutional.

REASONABLE MAN STANDARD
Finally, we agree with the state's contention that the trial court improperly defined the reasonable man standard applicable to offenses involving obscene materials. The trial court's order indicated that in the event the case went to trial, the state would be required to present evidence in regard to section 847.001(7)(c) "that the material, taken as a whole, lack[s] serious literary, artistic, political or scientific value and that no reasonable person could find such value." The appropriate inquiry under this section is whether a reasonable person would find serious literary, artistic, political, or scientific value in the alleged obscene material, taken as a whole. See Pope; State v. Anderson, 322 N.C. 22, 366 S.E.2d 459 (1988). The trial court's ruling injects an unnecessary element of proof, i.e., that no reasonable person could find the requisite value in the material. The Pope case does not impose this additional element of proof on the state but merely provides the proper standard for a finder of fact to apply in determining whether the material in question is obscene. See Haggerty; Anderson. See also, State v. Bauer, 768 P.2d 175 (Ariz. App. 1988). During future proceedings upon remand, the trial court should rule accordingly.
In light of the foregoing, we find that the trial court erred in dismissing the information and, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] See §§ 895.01  895.06, Fla. Stat. (1985 and Supp. 1986).
[2] Section 895.02, Florida Statutes (1985 and Supp. 1986), provides:

As used in ss. 895.01-895.08, the term:
(1) "Racketeering activity" means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit:
(a) Any crime which is chargeable by indictment or information under the following provisions of the Florida Statutes:
....
23. Section 847.011, s. 847.012, s. 847.013, s. 847.06, or s. 847.07, relating to obscene literature and profanity.