383 So.2d 629 (1980)
Donald Lee MOOREHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 56095.
Supreme Court of Florida.
May 1, 1980.
*630 Jack O. Johnson, Public Defender, and Thomas J. Sherwood, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOYD, Justice.
Donald Lee Moorehead was convicted of being employed by or associated with an enterprise and conducting or participating in that enterprise through a pattern of racketeering activity in violation of section 943.462, Florida Statutes (1977). Before entering the plea of nolo contendere upon which the conviction was based, the appellant challenged, on vagueness and overbreadth grounds, the constitutionality of the statute, which the trial court passed on in denying his motion to dismiss. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant reserved the right to appeal the court's rulings on the facial validity of the Florida Racketeer Influenced and Corrupt Organization Act (RICO). §§ 943.46-.464, Fla. Stat. (1977). Only these legal issues are before us, the factual questions pertaining to appellant's conduct having been foreclosed by his nolo plea. We hold that the statute is neither vague nor overbroad under the Florida Constitution.
Appellant argues that the definition of "pattern of racketeering activity" found in section 943.461(4), Florida Statutes (1977), is unconstitutionally vague. That section provides:
"Pattern of racketeering activity" means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents... .
Specifically appellant argues that men of ordinary intelligence cannot ascertain when repeated criminal conduct becomes interrelated.
The definition was derived from the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5) (1970), which does not explicitly require that the incidents be related and not isolated. The federal courts have upheld the federal statute against claims of constitutional vagueness by implying a requirement that the incidents not be isolated. United States v. Hawes, 529 F.2d 472 (5th Cir.1976); United States v. Campanale, 518 F.2d 352 (9th Cir.1975); United States v. Parness, 503 F.2d 430 (2d Cir.1974) cert. *631 denied 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975). The Florida legislature incorporated the federal case law by explicitly defining "pattern of racketeering activity" to include interrelated incidents that are not isolated. This inclusion clarifies the definition and prevents it from being unconstitutionally vague.
Appellant presents the same argument with respect to section 943.462(1), Florida Statutes (1977). Since this point was not raised in the court below, we refrain from commenting on it. McNamara v. State, 357 So.2d 410 (Fla. 1978); Silver v. State, 188 So.2d 300 (Fla. 1966).
Next appellant argues that the entire RICO act is unconstitutionally overbroad. He argues that the legislature impermissibly included a host of misdemeanors which are not related to organized criminal activity. See Note, Racketeers and Non-Racketeers Alike Should Fear Florida's RICO Act, 6 F.S.U.L.Rev. 483 (1978). Whatever merits there are to this argument, they do not apply to this case. Appellant was charged with five auto thefts within a two month period. This is not the type of minor criminal activity upon which appellant bases his argument.
We affirm the circuit court's judgment.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents.