402 So.2d 1173 (1981)
Laverne BOWDEN, Appellant,
v.
STATE of Florida, Appellee.
William Rush WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 57670, 57669.
Supreme Court of Florida.
July 30, 1981.
*1174 Edward T.M. Garland of Garland, Nuckolls, Kadish, Martin & Catts, Atlanta, Ga., and James L. Harrison of Harrison and Snyder, Jacksonville, for appellants.
Jim Smith, Atty. Gen., and Doris E. Jenkins, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
Appellants were charged in a two-count indictment alleging that they had engaged in and conspired to engage in a violation of section 943.46, Florida Statutes (1977), The Florida Racketeer Influenced and Corrupt Organization (RICO) Act, and chapter 847, Florida Statutes (1977), concerning obscene literature and pornography. We have consolidated the appeals. Appellants entered pleas of nolo contendere after the trial judge ruled on the constitutionality of the statutes by denying appellants' motions to dismiss. Appellants' appeal is founded on a constitutional attack upon both statutes. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
Appellants initially argue that the RICO Act is vague and overbroad, and must therefore be held unconstitutional. We disposed of a similar argument in the case of Moorehead v. State, 383 So.2d 629 (Fla. 1980), and held the statute constitutional. Moorehead is controlling on this point.
Appellants secondly argue that the act is facially unconstitutional because it imposes strict liability without requiring criminal intent or knowledge, and because its sanctions are predicated upon the presumptively protected activities of free speech, press, and association. We disagree. The statute provides, inter alia, that "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt." § 943.462(3), Fla. Stat. (1977). (Emphasis added.)
"Pattern of racketeering activity" is defined as:
engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
§ 943.461(4), Fla. Stat. (1977). This definition of "pattern of racketeering activity" suggests that the similarity and interrelatedness of racketeering activities should be stressed in determining whether a "pattern of racketeering activity" exists. As used in this statute, the word "pattern" clearly requires more than accidental or unrelated instances of proscribed behavior. We construe the "pattern" element to require, in addition to similarity and interrelatedness of racketeering activities, proof that a continuity of particular criminal activity exists. A similar construction was given to "pattern" in the case of United States v. Stofsky, 409 F. Supp. 609, 614 (S.D.N.Y. 1973), which was cited in United States v. Ladmer, 429 F. Supp. 1231, 1244 (E.D.N.Y. 1977).
By requiring a continuity of criminal activity as well as a similarity and interrelatedness between these activities, the target of RICO Act prosecutions will be, appropriately, the professional or career criminal and not non-racketeers who have committed relatively minor crimes.
"Racketeering activity" is defined with much detail in section 943.461, Florida Statutes (1977).[1] For a defendant to be convicted *1175 of racketeering activity, in violation of section 943.462(3), it must first be established that the defendant has engaged in at least two instances of such activity (i.e., any crime chargeable by indictment or information under the provisions of section 943.461). Only after this "predicate crime" has been established, can the state proceed to the proof of the RICO Act violation.
Appellants' assertion that "under this law the prohibited association with the `enterprise' can be entirely innocent or unknowing," is simply not correct. Nor is it true that "participation, directly or indirectly, in the `enterprise' can occur without any intent... that the condemned behavior relate to any `enterprise'." In the case of State v. Whiddon, 384 So.2d 1269, 1271 (Fla. 1980), we noted that the term "enterprise" was defined by statute and therefore the appellees were on notice as to that aspect of the charge. § 943.461(3), Fla. Stat. (1977). Sections 943.461 and 943.462 are not facially unconstitutional.
Appellants' third argument is that the obscenity statute, chapter 847, Florida Statutes (1977), is unconstitutional. In the first instance, we held the statute constitutional in the case of State v. Kraham, 360 So.2d 393, 394 (Fla. 1978). In the second instance, the argument raises questions of fact, which are not properly before this Court on appellants' plea of nolo contendere. See Gissendanner v. State, 373 So.2d 898 (Fla. 1979), and Hand v. State, 334 So.2d 601 (Fla. 1976).
Accordingly, we affirm the decision of the trial court.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN, and McDONALD, JJ., concur.
NOTES
[1] 943.461 Definitions.  As used in ss. 943.46-943.464:

(1) "Racketeering activity" means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit:
(a) Any crime which is chargeable by indictment or information under the following provisions of the Florida Statutes:
1. Section 210.18, relating to evasion of payment of cigarette taxes.
2. Section 409.325, relating to public assistance fraud.
3. Chapter 517, relating to sale of securities.
4. Section 550.24, s. 550.35, or s. 550.36, relating to dogracing and horseracing.
5. Section 551.09, relating to jai alai frontons.
6. Chapter 552, relating to the manufacture, distribution, and use of explosives.
7. Chapter 562, relating to beverage law enforcement.
8. Chapter 687, relating to interest and usurious practices.
9. Chapter 782, relating to homicide.
10. Chapter 784, relating to assault and battery.
11. Chapter 787, relating to kidnapping.
12. Chapter 790, relating to weapons and firearms.
13. Section 796.01, s. 796.03, s. 796.04, s. 796.05, or s. 796.07, relating to prostitution.
14. Chapter 806, relating to arson.
15. Chapter 812, relating to [theft], robbery, and related crimes.
16. Chapter 817, relating to fraudulent practices, false pretenses, fraud generally, and credit card crimes.
17. Chapter 831, relating to forgery and counterfeiting.
18. Chapter 832, relating to issuance of worthless checks and drafts.
19. Chapter 837, relating to perjury.
20. Chapter 838, relating to bribery and misuse of public office.
21. Chapter 843, relating to obstruction of justice.
22. Section 847.011, s. 847.012, s. 847.013, s. 847.06, or s. 847.07, relating to obscene literature and profanity.
23. Section 849.09, s. 849.14, s. 849.15, s. 849.23, s. 849.24, or s. 849.25, relating to gambling.
24. Chapter 893, relating to drug abuse prevention and control.
25. Sections 918.12-918.14, relating to tampering with jurors, evidence, and witnesses.
(b) Any conduct defined as "racketeering activity" under Title 18, United States Code, s. 1961(1)(A), (B), (C), and (D).
(Footnotes omitted.)