The RIGGS NATIONAL BANK OF WASHINGTON, D.C., Plaintiff,

v.

Paul H. FREEMAN and Oswaldo Mora, Defendants.

No. 85–3396–Civ.

United States District Court, S.D. Florida, Miami Division.

May 17, 1988.

See also D.C. 682 F.Supp. 519.

Gerson A. Zweifach, Williams & Connolly, Washington, D.C., for plaintiff.

Roderick F. Coleman, Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler, Miami, Fla., for defendants.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

HOEVELER, District Judge.

THIS CAUSE came for consideration upon Defendant, Freeman's, Motion for partial summary judgment in its favor with respect to Counts V and VI of Plaintiff's second amended complaint. Counts V and VI are alleged causes of action for racketeering in violation of both Federal and Florida Racketeer Influenced and Corrupt Organizations Acts, located at 18 U.S.C. § 1961 et seq. and Fla.Stat. § 895.01, et seq. respectively.

Summary judgment is appropriate only where there is no genuine issue as to any material fact, and where the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the movant has met its burden, the court must view the evidence and all factual inferences permissable in the light most favorable to the party opposing the motion. *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir.1981). However, the non-moving party cannot rest upon mere allegations, but must rebut any facts properly presented by the moving party through affidavits or other evidence demonstrating the existence of a genuine and material issue of fact for trial. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 155, 90 S.Ct. 1598, 1607, 26 L.Ed.2d 142 (1970). Moreover, summary judgment is mandated if, after adequate time for discovery, the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273 (1986).

The leading case interpreting the Federal Civil RICO statute is *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), in which the Supreme Court held that in order to state a cause of action under this section, Plaintiff must allege: (a) conduct, (b) of an enterprise, (c) through a pattern, (d) of racketeering activity, and (e) resulting in injury to Plaintiff's business or property. *Sedima,* at 496, 105 S.Ct. at 3285. In *Sedima,* the Supreme Court noted that a "pattern of racketeering activity" requires both a showing of more than one racketeering activity as well as the threat of continuing activity; it is this factor of continuity plus relationship which combines to produce a pattern *Sedima,* 473 U.S. at 496, fn. 14, 105 S.Ct. at 3285, fn. 14 (citing S.Rep. No. 91–617, p. 158 (1969)). Cases since *Sedima* have maintained the requirement that racketeering activity be ongoing and continuous rather than short-lived and finite. *Bank of America v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986); *Roslyn O. Beauford et al. v. Harry B. Helmsley, et al.,* 843 F.2d 103 (2d Cir. 1988); *William G. Manax et al. v. Lanelle L. McNamara et al.,* 842 F.2d 808 (5th Cir. 1988); *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46 (2d Cir. 1987); *Albany Insurance Co. v. Esses,* 831 F.2d 41 (2d Cir.1987). Similarly, Florida courts interpreting Florida's RICO statute have required a continuity of criminal activity as well as a similarity and interrelatedness between these activities. *Bowden v. State,* 402 So.2d 1173 (Fla.1981); *Gordon v. Etue, Wardlaw & Co., P.A.,* 511 So.2d 384 (Fla. 1st DCA 1987).

In support of its position, Defendant argues that there is no evidence in this case of ongoing or continuing criminal activity which could have or will continue indefinitely. Defendant contends that the allegations and evidence in this action, at most, point to an enterprise with one straight forward and short-lived goal, which was to allegedly deceive Riggs Bank. Without evidence of continuity of criminal activity conducted by the enterprise, Defendant argues that it is entitled to partial summary judgment in its favor on the RICO counts of Plaintiff's second amended complaint.

In opposing Defendant's motion, Plaintiff cites *Touche Ross*, supra, for the proposition that evidence of at least two separate statutory violations under RICO, even if part of a single scheme, is sufficient to satisfy the pattern requirement. *Touche Ross*, 782 F.2d at 971. Plaintiff claims that because it has alleged separate violations of 18 U.S.C. §§ 1341 (relating to mail fraud) and 1343 (relating to wire fraud), it has satisfied the pattern requirement under RICO. While Plaintiff is correct in its rendition of what is required for establishing a pattern of racketeering, Defendant contends that it is Plaintiff's failure to satisfy the "enterprise" requirement under RICO which requires the court to enter partial summary judgment on the RICO counts in favor of Defendant.

■ The Supreme Court has emphasized the need to prove both the existence of an "enterprise" and a "pattern of racketeering activity"; proof of one does not necessarily establish the other. *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). Satisfying the "enterprise" requirement under RICO depends on evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. *Turkette*, 452 U.S. at 583, 101 S.Ct. at 2528. Satisfying the "pattern of racketeering" require-

ment depends on evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. *Turkette*, 452 U.S. at 583, 101 S.Ct. at 2528. Defendant's motion for partial summary judgment is grounded upon the lack of evidence to support the existence of an "enterprise" in this case.

■ In counts V and VI of Plaintiff's second amended complaint, Plaintiff alleges that Defendant Freeman, in combination with others, formed an organization with the purpose of assisting his client in stealing funds from Plaintiff and covering up the trail. An enterprise under RICO may include typical legal entities such as corporations and partnerships, but it may also include "any union or group of individuals associated in act although not a legal entity." 18 U.S.C. § 1961(4). In the present case, the enterprise is alleged to have been the law firm of Mora & Freeman. Plaintiff alleges an association between the Defendants by stating that Defendant Freeman conducted the business affairs of Mora & Freeman, and that he directed and participated in a scheme to defraud Plaintiff by engaging in a series of material and knowing misrepresentations through the mail and by wire. However, this association lacks continuity. There are no allegations or evidence to support the existence of a continuing enterprise in this case. The purpose of the enterprise in the instant action had an obvious terminating goal or date—assisting Freeman's client in stealing funds from Plaintiff and covering up the trail. There is nothing in Plaintiff's second amended complaint that indicates a threat of continuing criminal activity beyond this terminating goal.[1] *See Beck*, supra; *Albany Insurance*, supra. Moreover, the fact that the law firm of Mora & Freeman, the alleged enterprise, survived the achievement of its alleged criminal object does not make the enterprise sufficiently "continuing" since its functioning as a criminal

---

1. This case is thus distinguishable from *Touche Ross*, supra, where plaintiffs alleged a three year course of activity in pursuit of the goal of the enterprise. The instant complaint describes activities which occurred between October 3, 1983 and November 10, 1983. While the duration of the illegal operation should not be the sole factor considered, it is some indication of whether a continuing enterprise existed. *See Khaimi v. Schonberger*, 664 F.Supp. 54, 57, fn. 1 (E.D.N.Y.1987).

enterprise ended upon the occurrence of its straight forward and short-lived goal. *Khaimi v. Schonberger,* 664 F.Supp. 54, 57 (E.D.N.Y.1987); *see Beck,* 820 F.2d at 51.

Because the record in this case shows a lack of allegations as well as evidence to support the existence of a continuing "enterprise" under either Federal or Florida RICO statutes, it is

ORDERED AND ADJUDGED that Defendant's motion for partial summary judgment on Counts V and VI of Plaintiff's second amended complaint be GRANTED.