[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13401
Non-Argument Calendar
_____

Docket No. 9:10-cv-81623-DTKH


NERLINE HORACE-MANASSE,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,
as successor-in-interest to Wachovia Bank, N.A.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2013)


Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this putative class action, Plaintiff Nerline Horace-Manasse appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of her complaint against Wells Fargo Bank, N.A. (successor-in-interest to Wachovia Bank, N.A.) for violations of Florida's Civil Remedies for Criminal Practices Act ("Florida RICO Act"), Fla. Stat. § 772.101, and for conspiracy to violate the Florida RICO Act.  Horace-Manasse also appeals the district court's denial of her motion for reconsideration, filed pursuant to Rules 59 and 60(b)(6).  No reversible error has been shown; we affirm.

We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the factual allegations in the complaint as true and construing them in the light most favorable to Plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Between January 2007 and December 2008, George Theodule and others perpetrated a Ponzi scheme in which they stole over $68 million from investors, including Horace-Manasse and members of the class she seeks to represent.  Wells Fargo's alleged involvement in the scheme stems from Theodule's use of Wachovia's banking services -- over a five-month period -- to conduct his illegal

2

operations.  During this time, Theodule laundered more than $10 million through various Wachovia accounts.

Horace-Manasse filed this complaint against Wells Fargo, alleging violations of the Florida RICO Act and conspiracy to violate the Florida RICO Act.  She asserted that Wachovia willfully and knowingly participated in a pattern of criminal activity by repeatedly accepting cash deposits in excess of $10,000 without filing Currency Transaction Reports, as required by 18 U.S.C. § 1956.  Horace-Manasse also alleged that Wachovia violated 18 U.S.C. § 1957 when it continued to permit large cash deposits and withdrawals -- and failed to file Suspicious Activity Reports -- after being put on notice that the cash represented proceeds from illegal activities.

The district court granted Wells Fargo's Rule 12(b)(6) motion to dismiss concluding that -- although Horace-Manasse had alleged criminal conduct within the meaning of the Florida RICO Act -- she had not alleged sufficient "continuity" to state a claim under the Act.

On appeal, Horace-Manasse does not challenge the district court's conclusion that she failed to satisfy the "continuity" element.  Instead, she argues that "continuity" is no required element of the Florida RICO Act.  In particular, she contends that (1) meaningful differences exist between the federal RICO Act, 18 U.S.C. § 1961 et seq., and the Florida RICO Act; (2) the United States Supreme

3

Court's decision in H.J. Inc. v. Nw. Bell Tel. Co., 109 S.Ct. 2893 (1989) (interpreting the federal RICO Act to include a "continuity" requirement), "implicitly holds" that continuity is not required under the Florida RICO Act; (3) no Florida court has addressed the textual analysis in H.J. Inc.; and (4) courts from other jurisdictions with RICO statutes similar to Florida's have concluded that continuity is not required.

The Florida RICO Act makes it "unlawful for any person . . . [e]mployed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity . . . ."  Fla. Stat. § 772.103(3). To state a claim under the Florida RICO Act, Plaintiff must allege facts showing "(1) conduct or participation in an enterprise through (2) a pattern of [criminal] activity." Lugo v. State, 845 So. 2d 74, 97 (Fla. 2003) (interpreting Florida's criminal RICO Act, Fla. Stat. § 895.01 et seq.).[*]

Contrary to Horace-Manasse's arguments, the Florida Supreme Court has said -- post-H.J. Inc. -- that "continuity" is a required element under the Florida RICO Act.  See id. at 99 ("To satisfy the pattern of racketeering element, the State must offer . . . proof that a continuity of particular criminal activity exists.'"); State v. Lucas, 600 So.2d 1093, 1094 (Fla. 1992) ("We construe the 'pattern' element to

---

[*] In 1986, Florida separated its RICO statute into a civil RICO Act, codified in Chapter 772, and a criminal RICO Act, which remained codified in Chapter 895.

4

require . . . proof that a continuity of particular criminal activity exists." (citing Bowden v. State, 402 So. 2d 1173, 1174 (Fla. 1981)).

Although Horace-Manasse objects to the Bowden decision as being based on an "incomplete definition" and objects to the Lugo and Lucas decisions as being "devoid of any independent analysis," we will not judge the soundness of the Florida Supreme Court's pronouncements of the state law. Instead, when deciding a diversity case based on state substantive law, we "must 'decide the case the way it appears the state's highest court would.'" Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001). Because the Florida Supreme Court has said that "continuity" is a required element of the Florida RICO Act and because Plaintiff does not challenge the district court's conclusion that she failed to satisfy the "continuity" element, the district court properly granted Wells Fargo's motion to dismiss.

We review a district court's denial of Rule 59 and 60(b) motions for abuse of discretion. Willard v. Fairfield S. Co., 472 F.3d 817, 821 (11th Cir. 2006) (Rule 60(b) motions); Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998) (Rule 59 motions). Because Horace-Manasse's arguments are unsupported by Florida case law, the court abused no discretion in denying her motion for reconsideration.

5

The Florida Supreme Court has unambiguously said that the Florida RICO Act includes a "continuity" element.  Thus, we deny Horace-Manasse's alternative request to certify a question to the Florida Supreme Court.

AFFIRMED.