402 So.2d 559 (1981)
Billy Jerold MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. WW-34.
District Court of Appeal of Florida, First District.
August 21, 1981.
Tyrie A. Boyer of Boyer, Tanzler, Blackburn & Boyer, Jacksonville, for appellant.
Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Mosley appeals his conviction for the sale or delivery of cannabis, possession of a firearm by a convicted felon, and attempted second degree murder. He contends in part that the trail court erred by refusing to give a requested jury instruction regarding his right to remain silent. We agree and reverse.
Mosley was tried with two co-defendants in a consolidated trial. None of the defendants testified at trial. Mosley's attorney requested that the court instruct the jury that it was not to draw any adverse inferences from Mosley's exercise of his right to remain silent. The attorneys for the co-defendants requested that the court not give such an instruction regarding their clients' exercise of the same right. The court then refused to give the jury instruction requested by Mosley.
The United States Supreme Court, in Carter v. Kentucky, ___ U.S. ___; 101 S.Ct. 1112, 1119-20, 67 L.Ed.2d 241 (1981), eliminated all doubt, if any existed, that the failure to give a requested instruction on a defendant's right to remain silent requires reversal. The Court stated that:
The principles enunciated in our cases construing this privilege, against both statutory and constitutional backdrops, lead unmistakably to the conclusion that the Fifth Amendment requires that a criminal trial judge must give a "no adverse inference" jury instruction when requested by a defendant to do so.
In Bruno, the Court declared that the failure to instruct as requested was not a mere "technical error... which do[es] not affect ... substantial rights... ." It stated that the "right of an accused to insist on "the privilege to remain silent is [o]f a very different order of importance ..." from the mere etiquette of trials and ... the formalities and minutiae of procedure." 308 U.S. 287, at 293-294, 60 S.Ct. [198], at 200 [84 L.Ed. 451]. Thus, while the Bruno Court relied on the authority of a federal statute, it is plain *560 that its opinion was influenced by the absolute constitutional guarantee against compulsory self-incrimination.
... .
A trial judge has a powerful tool at his disposal to protect the constitutional privilege  the jury instruction  and he has an affirmative constitutional obligation to use that tool when a defendant seeks its employment. No judge can prevent jurors from speculating about why a defendant stands mute in the face of a criminal accusation, but a judge can, and must, if requested to do so, use the unique power of the jury instruction to reduce that speculation to a minimum. [emphasis supplied; footnotes omitted]
In this case, Mosley's requested jury instruction should have been given, even though his co-defendants requested that such an instruction not be given. It is not reversible error to give the instruction over a defendant's objection, but it is reversible error to refuse to give the instruction when requested. As stated in Carter:
The significance of a cautionary instruction was forcefully acknowledged in Lakeside, where the Court found no constitutional error even when a no-inference instruction was given over a defendant's objection. The salutary purpose of the instruction, "to remove from the jury's deliberations any influence of unspoken adverse inferences," was deemed so important that it there outweighed the defendant's own preferred tactics.
101 S.Ct. at 1119-20 (emphasis supplied; footnote omitted).
The trial court erred by not giving the requested jury instruction, and since this error requires reversal and a new trial, we need not consider the remaining points on appeal.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.