493 So.2d 504 (1986)
STATE of Florida, Appellant,
v.
Joseph RUSSO, Leland Curry, James Thomas Curry, Marvin Carlsen and Roland Caricofe, Appellees.
No. 85-1694.
District Court of Appeal of Florida, Fourth District.
August 20, 1986.
Rehearing Denied October 1, 1986.
*505 Jim Smith, Atty. Gen., Tallahassee, and Robert L. Teitler, Asst. Atty. Gen., West Palm Beach, for appellant.
Robert A. Leventhal, Orlando, for appellee Joseph Russo.
Jeffrey H. Garland, Port St. Lucie, for appellee Caricofe.
Lee E. Muschott, Fort Pierce, for appellee James Thomas Curry.
Harrison T. Slaughter, Jr., Orlando, for appellee Leland Curry.
Richard S. Rhodes, Orlando, for appellee Marvin Otto Carlsen.
PER CURIAM.
This is an appeal from an order dismissing Count I of the indictment of five defendants which charged them with violating the Florida Racketeer Influenced and Corrupt Organization Act (RICO), Section 895.03(3), Florida Statutes (1983). The indictment charged the defendants with the substantive offense of trafficking in cannabis and conspiracy to so traffic. The trial court ruled that the indictment was legally insufficient because it charged the defendants with the commission of only one offense whereas section 895.02(4) requires "two incidents" of racketeering conduct. That section provides:
"Pattern of racketeering activity" means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
The main issue on appeal is whether the indictment, which charged the defendants with the act of trafficking in cannabis and the conspiracy to so traffic, satisfied the requirement that there be "two incidents" or predicate acts of racketeering conduct.
The state argues that the trial court erred in determining that the offenses constituted only one incident and asserts that acts which are part of the same transaction can still qualify as distinct incidents if each offense requires proof of an element that the other does not. The state refers to federal case law which allows for prosecution under federal RICO if the state charges the defendant with any of the substantive offenses included within the definition of racketeering and also charges the defendant with conspiracy to commit that offense.
While the Florida RICO statute is similar to the federal RICO statute it contains one important difference. Florida RICO refers to "two incidents" of racketeering conduct whereas federal RICO requires "two predicate acts." We believe that the legislature intended to narrow the application of the Florida RICO statute by this language. This interpretation is in line with the Florida Supreme Court's determination that the proper target of RICO prosecutions will be the career criminal. See Bowden v. State, 402 So.2d 1173 (Fla. 1981). Thus, we affirm the dismissal of the defective indictment.
DOWNEY, ANSTEAD and DELL, JJ., concur.