CAMPBELL, Chief Judge.
Appellant appeals his judgment and sentences for conspiracy to traffic in more than one hundred pounds of marijuana, trafficking in more than two thousand pounds of marijuana and racketeering pursuant to the Florida Racketeer Influenced and Corrupt Organization Act (RICO), section 895.03(3), Florida Statutes (1981). We affirm appellant’s convictions and sentences and write only to explain why State v. Russo, 493 So.2d 504 (Fla. 4th DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987), as argued by appellant, does not render the racketeering charge fundamentally defective.
*657 In Russo, our colleagues held that an indictment charging conspiracy to traffic in cannabis and trafficking in the same cannabis was legally insufficient to charge “two incidents” of racketeering conduct, as required by section 895.02(4), Florida Statutes (1987), to constitute a “pattern of racketeering activity.” Federal authorities, and that of a number of states including Florida, as evidenced by Russo, are in dispute on the issue as addressed by Russo. See Dowd, Interpreting RICO: In Florida, the Rules are Different, 40 U.Fla. L.Rev. 127, 145 (1988). However, the charges here and the facts offered in support do not require us to decide that issue.
Appellant was not charged with conspiracy to traffic in the same cannabis that he was charged with in the trafficking charge. Appellant was charged in one count of an amended information with conspiracy with ten other named individuals between June 1, 1981 and July 31,1982, in six specifically named counties in Florida, to traffic in cannabis in an amount in excess of one hundred pounds. The jury found him guilty of that offense. Appellant was also charged with trafficking in cannabis on July 11,1982, in an amount in excess of ten thousand pounds. That trafficking count of the amended information charged appellant jointly with eight of the ten named individuals named in the conspiracy count and further charged that the trafficking offense occurred in only four of the six counties named in the conspiracy count. Appellant was found guilty of trafficking in more than two thousand pounds. Because of the substantial differences in the facts constituting the conspiracy charge and the facts supporting the trafficking charge, they properly constituted two incidents of racketeering activity upon which the jury was able to convict appellant on the charge of racketeering.
AFFIRMED.
RYDER and SCHOONOVER, JJ., concur.