558 So.2d 142 (1990)
Anthony WATTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-3119.
District Court of Appeal of Florida, Third District.
March 13, 1990.
*143 Bennett H. Brummer, Public Defender, David Markus, Sp. Asst. Public Defender, and John Lipinski, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
PER CURIAM.
Defendant appeals his conviction under the Florida Racketeer Influenced and Corrupt Organization Act (RICO), Section 895.03, Florida Statutes (1987). We reverse and remand for re-sentencing.
The defendant was charged with the robbery, kidnapping, and burglary of a liquor truck driver on November 25, 1987, and with the robbery and kidnapping of a liquor truck driver on December 10, 1987. In addition, the defendant was charged under Florida RICO with engaging in a pattern of racketeering activity. At trial, the defendant was acquitted of the charges arising from the November 25, 1987 incident, but found guilty of the charges arising from the December 10, 1987 incident. In addition, the defendant was found guilty of violating section 895.03.
The defendant contends that the trial court erred in convicting him under the Florida RICO statute when he was acquitted of the charges arising from the November 25, 1987 incident. The State, however, contends that a defendant may be convicted under the Florida RICO statute, if the State proves that the defendant is guilty of more than one offense, even though they both arose out of the same incident. We disagree with the State's contention.
Section 895.03, Florida Statutes (1987), requires that there be a "pattern of racketeering activity." Section 895.02(4) defines "pattern of racketeering activity" as:
engaging in at least two incidents of racketeering conduct that have similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
§ 895.02(4), Fla. Stat. (1987) (emphasis added).
The question on appeal is whether the "two incidents" requirement is satisfied when the State proves that the defendant is guilty of two offenses which arose out of *144 the same incident. We find that this does not satisfy the "two incidents" requirement.
This issue was addressed in State v. Russo, 493 So.2d 504 (Fla. 4th DCA 1986), review denied, 504 So.2d 768 (Fla. 1987). In Russo, the court held that the "two incidents" requirement is not satisfied when the defendant is charged with two offenses which arose out of the same transaction. Russo at 505. The Russo court stated that its "interpretation is in line with the Florida Supreme Court's determination that the proper target of RICO prosecution will be the career criminal." Russo; see also Bowden v. State, 402 So.2d 1173 (Fla. 1981).
In the instant case, the State failed to prove beyond a reasonable doubt that the defendant was guilty of the charges arising from the November 25, 1987 incident. The defendant, however, was found guilty of two offenses stemming from the December 10, 1987 incident. Even though the defendant was convicted of two offenses, the "two incidents" requirement under the Florida RICO statute was not satisfied because the two offenses arose out of the same incident. Accordingly, we reverse the defendant's conviction under the Florida RICO statute and remand for resentencing for the robbery and kidnapping convictions.