PER CURIAM.
The question presented by this appeal is an immaterial variation of the issue presented in Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560 (Fla. 3d DCA 1987), where we held, en banc, that an automobile dealer cannot be held liable for the buyer’s subsequent negligent operation of an automobile once the dealer has transferred ownership of the vehicle to the buyer. Our decision was affirmed by the Supreme Court of Florida. Horne v. Vic Potamkin Chevrolet, Inc., 533 So.2d 261 (Fla.1988). Appellant contends that a different result should obtain where the vehicle is a motorcycle and where the buyer, although licensed to drive an automobile in Texas, has no Florida license to operate a motorcycle.
Appellant’s attempt to factually distinguish this case from Horne is not persuasive in light of the broad policy holding in the supreme court opinion that a dealer is not liable for injuries suffered by a passenger of the buyer owing to the buyer’s negligent operation of a vehicle, even where the dealer was aware of the buyer’s incompetence in the operation of the vehicle, after beneficial ownership and legal title has been transferred to the buyer. See also Gary Fronrath Volkswagen, Inc. v. Munsey, 532 So.2d 1296 (Fla. 4th DCA 1988), rev. denied, 539 So.2d 475 (Fla.1989).
Summary judgment for the defendant is affirmed.