COWART, Judge.
The defendant was convicted of racketeering (§ 895.02(1), Fla.Stat.), trafficking in cocaine (§ 893.135, Fla.Stat.) and two counts of conspiracy to traffic in cocaine (§ 893.135(1)(b)(3), Fla.Stat.). The two alleged conspiracies of which this defendant was convicted are the same two alleged conspiracies for which a codefendant, Howard Ray Cutrell, was also convicted. Cut-rell appealed his two conspiracy convictions to this court and we held that there was but one overall conspiracy involving several criminal acts rather than several conspiracies, and reversed one of Cutrell’s conspiracy convictions. See Cutrell v. State, 560 So.2d 354 (Fla. 5th DCA 1990).
For the same reason we reverse this defendant’s conviction and sentence for conspiracy under Count IV of case number 88-260CF in the circuit court of Volusia County, Florida. We also must reverse the conviction of racketeering (Count I) because such a conviction requires two or more “incidents of racketeering conduct” (§ 895.02(4), Fla.Stat.) and it has been held that a conviction of conspiracy to traffic is insufficient as one of the required “incidents of racketeering conduct” when the other “incident of racketeering conduct” is a conviction for the trafficking offense which was the subject of the conspiracy. See State v. Russo, 493 So.2d 504 (Fla. 4th DCA 1986), rev. denied, 504 So.2d 768 (Fla.1987). Cf. Crews v. State, 537 So.2d 656 (Fla. 2d DCA 1989). We affirm the defendant’s other convictions and the imposition of the fifteen year minimum mandatory sentences [1] under Counts II and III of case number 88-260CF.
AFFIRMED in part; REVERSED in part.
W. SHARP and GRIFFIN, JJ., concur.

. § 893.135(1)(b)3, Fla.Stat.