578 So.2d 392 (1991)
Herbert SCHREMMER, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2862.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Rehearing Denied May 20, 1991.
Bailey Gerstein Carhart Rashkind Dresnick & Rippingille and Edward A. Carhart and Bonnie Rippingille, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Herbert Schremmer appeals his conviction and sentence for violation of the Florida RICO Act, conspiracy to traffic in cannabis, trafficking in cannabis, and trafficking in cocaine. We affirm.
There was sufficient independent evidence of Schremmer's participation in the conspiracy, apart from the hearsay statements of coconspirators, to support the trial court's admission of those statements. There was direct testimony that Schremmer told his codefendants prior to the off-loading of marijuana to park their cars near the trees so they could not be seen from the street and not to make too much noise. Additionally, one of Schremmer's codefendants testified that, on the morning the marijuana was dropped off, he saw Schremmer standing on the boat ramp looking at the bales of marijuana and "pulling out his hair," saying "take this s* * * out of here. You want to put me in jail. I don't want to go to jail. Let's move them." Based on this evidence, the coconspirator's statements were properly admitted.[1]See *393 Romani v. State, 542 So.2d 984 (Fla. 1989); State v. Andres, 552 So.2d 1151 (Fla. 3d DCA 1989).
We further conclude that the trial court properly admitted in-court and out-of-court identifications of Schremmer by CODEFENDANT rIVERA WHERE, AS HERE, THERE WAS NOT A SUBSTANTIAL likelihood of misidentification. See Rose v. State, 472 So.2d 1155 (Fla. 1985). On the night of the cocaine transaction, Rivera personally handed Schremmer a duffel bag of cocaine as collateral. Rivera subsequently gave a sufficiently specific identification of Schremmer.
Finally, with respect to the Florida RICO Act, there was sufficient evidence of a pattern of racketeering activity. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (in order to prove pattern of racketeering activity under RICO prosecutor must show at least two racketeering predicates that are related and that amount to continued criminal activity). Unlike the defendant in Boyd v. State, 578 So.2d 718 (Fla. 3d DCA 1991), where there were only sporadic acts of crime, here there was evidence that Schremmer participated in four interrelated ventures over a two-year period involving the importation of drugs into Monroe County.
Appellant's remaining points on appeal are without merit. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Crews v. State, 537 So.2d 656 (Fla. 2d DCA 1989); Herrera v. State, 532 So.2d 54 (Fla. 3d DCA 1988); Mosley v. State, 402 So.2d 559 (Fla. 1st DCA 1981).
Affirmed.
NOTES
[1] Because we conclude that the co-conspirator's statements were properly admitted, we likewise conclude that the trial court did not err in refusing to grant a judgment of acquittal on the substantive charges of conspiracy and trafficking in cocaine.