POLEN, J.
Appellant Daniel Ariano timely appeals a conviction of burglary of a dwelling with a battery and sentence to 10 years in Florida State Prison with credit for 369 days time served. We reverse the trial court’s determination that Ariano is a member of a criminal street gang and remand for resentencing.
After adjudicating Ariano guilty of the charged crime of burglary of a dwelling with a battery, the trial court applied the criminal street gang enhancer and multiplied Ariano’s sentence by 1.5 pursuant to sections 874.04 and 921.0024(l)(b)2.b, Florida Statutes (2004).[1],[2] We find that the court erred in enhancing Ariano’s sentence because its determination that Ariano was a member of a criminal street gang was not supported by evidence demonstrating that the gang engaged in a pattern of criminal street gang activity.
Section 874.03(2), Florida Statutes (2004), defines a “criminal street gang member” as one who is a member of a criminal street gang and who meets at least two of the following criteria: (a) admits to gang membership; (b) is a youth under the age of 21 years who is identified as a gang member by a parent or guardian; (c) is identified as a gang member by a documented reliable informant; (d) resides in or frequents a particular gang’s area and adopts their style of dress, their use of hand signs, or their tattoos, and associates with known gang members; (e) is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information; (f) has been arrested more than once in the company of identified gang members for offenses which are consistent with usual criminal street gang activity; (g) is identified as a gang member by physical evidence such as photographs or other documentation; (h) has been stopped in the company of known gang members four or more times.
A “criminal street gang” is one that, among other things, engages in a pattern of criminal street gang activity. § 874.03(1), Fla. Stat. (2004). A “pattern *368 of criminal street gang activity” means “the commission or attempted commission of, or solicitation or conspiracy to commit, two or more felony or three or more misdemeanor offenses, or one felony and two misdemeanor offenses, or the comparable number of delinquent acts or violations of law which would be felonies or misdemeanors if committed by an adult, on separate occasions within a 3-year period.” § 874.03(3), Fla. Stat. (2004).
Thus, in order to declare Ariano a member of a criminal street gang it must be demonstrated that the criminal street gang he was alleged to be a member of (SUR 13) committed or attempted to commit two felonies or violent misdemeanors on separate occasions within a three-year period and that Ariano is a member of that criminal street gang. At the hearing to declare Ariano a criminal street gang member, the State demonstrated that Ariano was part of a gang called SUR 13 based on Ariano’s tattoo, his girlfriend’s tattoo and evidence that Ariano was part of a crowd or mob of fifteen people attacking the victim while telling him not to disrupt SUR 13 activities. From this evidence, the trial court found that Ariano met at least two of the enumerated criteria of section 874.03(2), Florida Statutes (2004).
However, the trial court made no finding concerning a pattern of criminal street gang activity. Moreover, the State did not prove that SUR 13 had committed or attempted to commit the requisite number of crimes. See § 874.03(1), (3), Fla. Stat. (2004). Where the language of a statute is clear and unambiguous, courts may not resort to rules of statutory construction; rather, the statute must be given its plain and ordinary meaning. See Crist v. Jaber, 908 So.2d 426, 432 (Fla.2005) (citations omitted). Based on the plain and ordinary language of the statute involved in this case, gang membership alone is not sufficient to declare a person a member of a criminal street gang. See S.L. v. State, 708 So.2d 1006 (Fla. 2d DCA 1998). The State must also demonstrate a pattern of criminal street gang activity. See id. Since only gang membership was proven, the trial court erred in declaring Ariano a member of a criminal street gang for purposes of the sentence enhancement.
We therefore reverse the trial court’s finding and remand for resentencing without enhancement under section 874.04, Florida Statutes (2004).

Reversed and Remanded with Instructions.

STEVENSON and TAYLOR, JJ„ concur.

. § 874.04, Fla. Stat. (2004), states:
Upon a finding by the court at sentencing that the defendant committed the charged offense for the purpose of benefiting, promoting, or furthering the interests of a criminal street gang, the penalty for any felony or misdemeanor, or any delinquent act or violation of law which would be a felony or misdemeanor if committed by an adult, may be enhanced. Each of the findings required as a basis for such sentence shall be found by a preponderance of the evidence.

. § 921,0024(l)(b)2.b, Fla. Stat. (2004), states that, "If the offender is convicted of the primary offense and committed that offense for the purpose of benefiting, promoting, or furthering the interests of a criminal street gang as prohibited under s. 874.04, the subtotal sentence points are multiplied by 1.5.”