Per Curiam.
Victor Castillo petitions for a writ of habeas corpus, alleging several claims of ineffective assistance of appellate counsel with respect to his appeal of his racketeering and conspiracy to commit racketeering convictions. We find that appellate counsel was ineffective in failing to argue that the two predicate incidents proved by the State did not occur within five years of each other and therefore did not meet the definition of a “pattern of racketeering activity” under section 895.02(4), Florida Statutes (2007). We thus grant Castillo a new appeal, limited to this issue. We deny Castillo’s petition as to the remaining claims without comment.
Background
Castillo was convicted of racketeering and conspiracy to commit racketeering, arising out of activity related to a criminal gang known as SUR 13. To support the racketeering count, the State charged Castillo with five predicate incidents, but the jury found that he committed only two: (1) resisting arrest without violence, committed on July 9, 2000; and (2) possession of cocaine and battery, committed on May 27, 2006.[1]
After the jury returned its verdict, defense counsel moved for arrest of judgment on the ground that the two predicate incidents proved by the State did not occur within the proper time period to constitute a pattern of racketeering activity under the statute. However, counsel misstated that the time period was three years and that the period “goes to the entire enter *932 prise and not to the individual, citing Ariano v. State, 961 So.2d 366 (Fla. 4th DCA 2007). The trial court denied the motion. Castillo was sentenced to thirty years in prison for racketeering and fifteen years for conspiracy, to be served consecutively.
Appellate counsel did not challenge the denial of the motion for arrest of judgment on direct appeal. We affirmed. Castillo v. State, 170 So.3d 112 (Fla. 4th DCA 2015).
Analysis
Castillo timely filed this petition alleging ineffective assistance of appellate counsel. See Fla. R. App. P. 9.141(d)(5). Relief is warranted on such a petition where counsel’s omission “constitute[s] a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance” and the error “compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.” Rutherford v. Moore, 774 So.2d 637, 643 (Fla. 2000) (quoting Thompson v. State, 759 So.2d 650, 660 (Fla. 2000)). We find that burden to be met in this case.
To support the racketeering conviction alleged in this case, the State must prove (1) the defendant was associated with an enterprise, and (2) the defendant participated in the enterprise through a pattern of racketeering activity. See § 895.03(3), Fla. Stat. (2007). A “pattern of racketeering activity” is defined as personally engaging in at least two interrelated incidents of racketeering conduct, “provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.” § 895.02(4), Fla. Stat. (emphasis added); see also de la Osa v. State, 158 So.3d 712, 725-28 (Fla. 4th DCA 2015). Here, the State proved that Castillo engaged in two interrelated incidents of racketeering conduct, but they occurred more than five years apart, on July 9, 2000, and May 27, 2006.
Conclusion
As set forth above, appellate counsel was ineffective in failing to argue that the trial court erred in denying the motion for arrest, of judgment as to the racketeering conviction, and we thus grant a new appeal. Said appeal is to be limited to this issue.[2]
This opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this Court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this Court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.

Petition granted.

Damoorgian, Levine and Forst, JJ., concur.

. Under Florida law, in contrast to federal law, multiple crimes committed at the same time qualify as only one predicate incident. State v. Russo, 493 So.2d 504, 505 (Fla. 4th DCA 1986); see also State v. Lucas, 600 So.2d 1093, 1095-96 (Fla. 1992) (recognizing the Russo holding but distinguishing its applicability to the specific facts presented).

. We reject the State’s argument that the error was not preserved for appeal.