DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VICTOR CASTILLO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-985

[September 5, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 50-2007-CF-017817-CXXX-MB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

To convict appellant of the crime of racketeering, the state must prove, in part, that appellant participated in a pattern of racketeering activity. A pattern of racketeering activity is defined as engaging in at least two incidents of racketeering conduct with the last incident having occurred within five years of the first incident. § 895.02(4), Fla. Stat. (2007). In this case, the only two acts that occurred within five years of each other occurred on the very same day. We find that the two predicate acts committed on May 27, 2006—battery and possession of cocaine—are not two separate incidents for the purposes of sustaining a conviction of racketeering. Thus, we reverse and remand for the trial court to vacate appellant's conviction for racketeering.

Appellant was convicted of racketeering based on three predicate acts. The first act, which occurred on July 9, 2000, was resisting an officer without violence. The second and third acts both occurred on May 27, 2006. On May 27, 2006, appellant was initially arrested for battery and then found to be in possession of cocaine.

Appellant filed a direct appeal with this court, but counsel failed to raise any argument as to the more than five-year gap between the 2000 and 2006 predicate acts. *Castillo v. State*, 170 So. 3d 112 (Fla. 4th DCA 2015). Appellant then filed a petition for writ of habeas corpus based on ineffective assistance of appellate counsel. *Castillo v. State*, 213 So. 3d 930 (Fla. 4th DCA 2017). In his petition, appellant challenged only his conviction for racketeering. He did not challenge his conviction for conspiracy to commit racketeering. We found that appellate counsel was ineffective for failing to argue that the two predicate incidents proven did not occur within five years of one another and granted a new appeal only as to the racketeering conviction. *Id.* at 932.

Whether appellant's two acts committed at the same time constitute distinct predicate incidents under the racketeering statute is a question of law subject to de novo review. *Allen v. State*, 82 So. 3d 118, 120 (Fla. 4th DCA 2012).

Appellant contends that two criminal offenses committed at the same time cannot constitute two separate incidents of racketeering conduct. The state acknowledges that it cannot sustain a racketeering conviction based on the 2000 incident, as it occurred more than five years before the next incident. However, it maintains that the two 2006 offenses—battery and possession of cocaine—are sufficiently unrelated so as to constitute two separate incidents despite their temporal proximity to one another.

A defendant may be convicted of racketeering when he is associated with an enterprise and participates in that enterprise through a pattern of racketeering activity. § 895.03(3), Fla. Stat. A "pattern of racketeering activity" is defined as

> engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.

§ 895.02(4), Fla. Stat.

This court has previously addressed whether two or more criminal acts committed at the same time constitute separate incidents of racketeering conduct. In *State v. Marks*, 758 So. 2d 1131, 1138 (Fla. 4th DCA 2000), the

2

defendant was alleged to have uttered four perjurious statements over the course of a single deposition. We concluded that while each perjurious statement might qualify as a separate criminal act, the deposition during which they occurred was a single incident of racketeering conduct. *Id.* Because the statute requires at least two predicate incidents of racketeering conduct, we held that there was no basis for a racketeering charge. *Id.*

"Incidents" of racketeering conduct under Florida law differ from the predicate "acts" sufficient to sustain a conviction under the federal RICO statute. *State v. Russo*, 493 So. 2d 504, 505 (Fla. 4th DCA 1986). Indeed, this court has determined that, by using the term "incidents," the Florida legislature must have intended to capture a narrower range of conduct than "acts" as used in the federal statute. *Id.*; *see also State v. Lucas*, 600 So. 2d 1093, 1095-96 (Fla. 1992) ("[U]nlike cases brought under the federal act, crimes committed at the same time cannot qualify as separate incidents for purposes of proving racketeering conduct under the Florida act."). Thus, at least under the Florida RICO statute as applied to the facts of this case, multiple crimes committed at the same time qualify as only one predicate incident. *Castillo*, 213 So. 3d at 931 n.1.

Also instructive on this point is *Watts v. State*, 558 So. 2d 142 (Fla. 3d DCA 1990). There, the state sought a racketeering conviction based solely on two offenses—in that case, kidnapping and robbery—arising out of a single incident involving a liquor truck. *Id.* at 143. Citing *Russo*, the Third District concluded that the kidnapping and robbery were part of a single incident and could not be separated so as to support a racketeering conviction. *Id.* at 144. The same occurred here, as appellant was found to be in possession of cocaine at the same time as the battery. His possession and battery therefore constituted a single incident. *See id.*

We find that the state did not prove an essential element of the crime of racketeering: the element requiring that the state prove two incidents of enumerated racketeering conduct within a five-year period. All the state proved in this case was that appellant committed two crimes on one day constituting one incident of racketeering activity. Without a second incident, the state has not proven its case. As such, the trial court erred in not granting judgment of acquittal as to the charge of racketeering. We therefore reverse with directions for the trial court to vacate appellant's conviction for one count of racketeering.

*Reversed and remanded with instructions.*

TAYLOR and FORST, JJ., concur.

3

*        *        *

*Not final until disposition of timely filed motion for rehearing.*